IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED B. STILTNER                  :        CIVIL ACTION
JACQUELINE L. STILTNER            :
                                  :
            v.                    :
                                  :
GREG B. EMMONS                    :        NO. 13-3095
HONORABLE GARY B. GILMAN          :

MEMORANDUM

O'NEILL, J.                                              JUNE /0 , 2013

    Fred B. Stiltner and Jacqueline L. Stiltner brought this pro se civil action against the Honorable Gary B. Gilman, a Judge on the Bucks County Court of Common Pleas, and Greg B. Emmons, a court-appointed Master in a partition action in which the Stiltners are defendants. Fred has filed a motion to proceed in forma pauperis; Jacqueline has neither paid the fee nor moved to proceed in forma pauperis.[1] For the following reasons, the Court will dismiss Jacqueline Stiltner as a party to this action without prejudice, grant Fred Stiltner leave to proceed in forma pauperis, and dismiss his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.    FACTS

    Attachments to the complaint reflect that, in 2007, Caroline Stiltner, who is not a party to this litigation, filed an action against Fred and Jacqueline in the Bucks County Court of Common Pleas, seeking equitable partition of a property on which the two

---

[1] As plaintiffs have the same surname, the Court will refer to them by their first names for clarity.

1

were living and in which all three individuals shared an interest. In 2011, Judge Gilman appointed Attorney Emmons to serve as a Master to assist the court in determining how to best partition the disputed property. Judge Gilman allegedly failed to afford Fred an opportunity to review Emmons's qualifications before he was appointed. Fred further alleges that he did not receive proper notice of the appointment.

The complaint in this action is primarily based on Fred's dissatisfaction with the manner in which Emmons has performed his duties as Master. He alleges that Emmons is prejudiced against him, "one-sided," and has engaged in ex parte communications with either Judge Gilman or opposing counsel. He also complains of the manner in which Judge Gilman and Emmons handled insurance proceeds that were paid after the property was damaged by superstorm Sandy in October 2012. Judge Gilman directed that the proceeds be placed in escrow and authorized Emmons to make disbursements to cover "his fees and costs" in addition to repairs on the property. In accordance with that order, Emmons used a portion of the proceeds to cover his fees.

The property subsequently sustained additional damage in December, but was uninsured at that time because Fred cancelled the insurance policy. Fred alleges that when Emmons visited the property to inspect the damage, he was drunk. Accordingly, Fred filed a motion in state court to remove Emmons as a Master and to appoint a new master. Emmons subsequently submitted a report with recommendations to the court in the partition action. It is

apparent from handwritten comments on a copy of the report that is attached to the complaint in this action, that Fred disagrees with many of Emmons's statements and recommendations. The partition action and Fred's motion are currently pending in state court.

In this action, the Court understands Fred to be asserting due process claims against Judge Gilman and Emmons, pursuant to 42 U.S.C. § 1983, based on their handling of the partition action. He seeks to "put [the] property back in [the] condition in was [in] before storm sandy and all attorneys fees"[2] and relief for "anguish."

## II. STANDARD OF REVIEW

The Court grants Fred leave to proceed <u>in forma pauperis</u> because he has satisfied the requirements set out in 28 U.S.C. § 1915. As Jacqueline has neither paid the filing fee nor moved to proceed <u>in forma pauperis</u>, the Court will dismiss her as a party to this action without prejudice. Fred may not prosecute any claims on Jacqueline's behalf. <u>See</u> <u>Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.</u>, 937 F.2d 876, 882-83 (3d Cir. 1991); <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987).

As Fred is proceeding <u>in forma pauperis</u>, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss his complaint if it is frivolous or malicious, fails to

---

[2]Fred had retained a lawyer for a period of time to defend him in the partition action.

3

state a claim, or seeks monetary relief against a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III. DISCUSSION

Judges are entitled to absolute immunity from claims for damages under § 1983 that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Immunity extends to a judge's judicial acts even if the judge committed serious errors, acted in an unfair manner, or conducted ex parte proceedings. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000). Similarly, individuals who act as "arms of the court" by performing "functions integral to the judicial process" are entitled to quasi-judicial immunity. Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001).

Here, all of Fred's claims against Judge Gilman are based on acts that the Judge took in his judicial capacity while presiding over the partition action.[3] Additionally, the claims against Emmons are based on acts that Emmons took in his capacity as court-appointed Master, including his use of a portion of the

---

[3] Nothing in the complaint suggests that Judge Gilman acted without jurisdiction.

4

insurance proceeds to satisfy his fees, which Judge Gilman explicitly authorized. Accordingly, there is no legal basis for Fred's claims against Judge Gilman and Emmons, because they are entitled to judicial immunity.[4] See Hughes, 242 F.3d at 127 (custody evaluator appointed by the court to "gather information, conduct an evaluation, and make a recommendation to aid the custody determination" was entitled to judicial immunity); see also Gallas, 211 F.3d at 769-72 (judicial immunity covered judge's issuance of ex parte order and allegedly unfair acts). Fred will not be permitted to file an amended complaint because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Jacqueline as a party to this action without prejudice, and will dismiss Fred's claims with prejudice. An appropriate order follows.

---

[4] To the extent that the complaint can be read to assert claims for injunctive relief, any such claims are likewise precluded by judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). In any event, federal courts are generally precluded from issuing injunctions that would interfere with ongoing state proceedings. Cf. Younger v. Harris, 401 U.S. 37, 43 (1971).

5